[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant John P. Carlin appeals from the judgment of the trial court, entered June 1, 2001, adjudicating him a sexual predator following a classification hearing. Carlin's classification as a sexual predator stemmed from his 1995 plea of guilty to five counts of gross sexual imposition for the fondling of several young boys at a suburban swim club.
In his single assignment of error, Carlin contends that the sexual-predator adjudication was contrary to the manifest weight of the evidence. Because there is clear and convincing evidence in the record to support the trial court's findings and judgment, we overrule the assignment of error.
At the classification hearing, held before the same judge who accepted Carlin's guilty plea, entered judgment, and imposed sentence, the state offered into evidence the pre-sentence-investigation report, including victim-impact statements and a court psychiatric evaluation made at the time of sentencing, the prison sexual-predator screening instrument, and several post-sentencing reports. Carlin introduced evidence that he had completed a prison sex-offender counseling program and had graduated from Urbana University with a bachelor of arts degree while incarcerated. He also introduced a psychological assessment prepared in May 2001 by Dr. Stuart W. Bassman, a clinical psychologist.
As contemplated by the statutory scheme and by the Ohio Supreme Court's decision in State v. Eppinger (2001), 91 Ohio St.3d 158, 166,743 N.E.2d 881, 888-889, when making a determination of the future behavior of a sexually-oriented offender in a classification hearing, a trial court must create a record for review, provide for expert opinion on the potential for recidivism, if required, and determine the offender's likelihood of recidivism after considering the statutory factors and "discuss[ing] on the record the particular evidence and factors upon which it relies." Id.; see, also, R.C. 2950.09(B)(2).
Here, Judge Anne Marie Tracey faithfully achieved the three essential objectives described in State v. Eppinger. By reviewing the record and by receiving new documentary evidence, including the psychological assessment of Dr. Bassman, the court made the kind of record that is contemplated for review in a sexual-offender-classification hearing. SeeState v. Eppinger, 91 Ohio St.3d at 166, 743 N.E.2d at 888-889. And the court found a psychological expert was "reasonably necessary to aid in determining" the likelihood of future recidivism. Id. at 163,743 N.E.2d at 886.
According to the transcript of the classification hearing and the trial court's thorough, nine-page written decision and judgment entry, the court identified specific factors from R.C. 2950.09(B)(2) that were present in the record. She noted that the twenty-year-old Carlin had entered a plea of guilty to gross sexual imposition upon two boys under the age of ten, that Carlin had a "pattern" of sexual behavior with other young children, and that psychological evaluations, including Dr. Bassman's assessment, made for purposes of the classification hearing, had questioned his ability to control his pedophilic sexual urges. The court emphasized that while Carlin had made strides in dealing with his affliction, according to Dr. Bassman, Carlin "should never be in unsupervised contact with children, nor should he place himself in high risk situations which could lead to such contact." See R.C. 2950.09(B)(2).
After reviewing the record, we are persuaded that the trial court had ample evidentiary material before it to produce a firm belief or conviction that Carlin "was likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E); see, also,State v. Eppinger, 91 Ohio St.3d at 162, 743 N.E.2d at 885. Consequently, there was clear and convincing evidence to support the finding that Carlin is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.